IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
   vs. :
: CRIMINAL NO. 1:CR-05-101
GARY EUGENE MOORE, :
        Defendant :
:
:
:

*M E M O R A N D U M*

I.  *Introduction*

      The pro se defendant, Gary Eugene Moore, has filed the following motions: (1) a motion (Doc. 48) under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence under Amendment 750 to the sentencing guidelines; (2) a motion (Doc. 49) for summary judgment under Fed. R. Civ. P. 56(a) on his 3582(c)(2) motion; and (3) a motion (Doc. 50) submitting an additional reason why his sentence should be reduced.[1]

II.  *Background*

      On March 9, 2005, Defendant was named in a two-count indictment. Count I charged him with possessing, carrying, and using a firearm and ammunition during, in relation to, and in furtherance of the distribution of cocaine base on March 4, 2005, in violation of 18 U.S.C. § 924(c). Count II charged him with possession with intent to

---

[1] The third motion is styled as a motion to hold the first two motions "in abeyance," but that is not the relief sought in the motion.

distribute and the distribution of fifty grams and more of cocaine base on March 4, 2005, in violation of 21 U.S.C. § 841(a)(1).

In May 2005, Defendant executed a written plea agreement in which he agreed to plead guilty to a one-count felony information charging him with a section 841(a)(1) violation, possession with intent to distribute cocaine base, also known as "crack cocaine," on March 4, 2005. (Doc. 20, plea agreement ¶ 1). As part of the bargain, the government agreed to move for a departure below the guideline range under U.S.S.G. § 5K1.1 if it believed Defendant had provided substantial assistance. (*Id.* ¶ 13). The felony information was filed on May 18, 2005, and Defendant pled guilty on May 25, 2005.

A presentence report (PSR) was prepared using the sentencing guidelines in effect on November 1, 2004. The PSR set Defendant's base offense level under U.S.S.G. § 2D1.1(c) at 34, using a drug quantity of 321.2 grams of crack cocaine. This quantity was based on the amount of drugs seized from Defendant's residence. (PSR ¶ 13). The base offense level was increased by two points under U.S.S.G. § 2D1.1(b)(1) for the involvement of a firearm in the offense (*Id.* ¶ 14), resulting in an adjusted offense level of 36. (*Id.* ¶ 18). Three points were then deducted under U.S.S.G. § 3E1.1(b) for acceptance of responsibility, leaving Defendant with a total offense level of 33.[2] Defendant's criminal history category was VI, established either by way of his fifteen

---

[2] Defendant had two prior felony convictions for controlled-substance offenses but because the calculation of the offense level, 36, under section 2D1.1 was greater than 32, the offense level under U.S.S.G. § 4B1.1, the offense level was established under section 2D1.1(c), not the career offender section, section 4B1.1.

criminal history points, or by way of U.S.S.G. § 4B1.1(b) because he was a career criminal. (PSR ¶ 37). This resulted in a guideline range of 235 to 293 months, narrowed to 235 to 240 months because the statutory maximum sentence was 240 months. (*Id.* ¶ 50).

At sentencing on August 29, 2005, the parties had no objections to the PSR. The government did not move for a reduction based on substantial assistance. (Doc. 35, sentencing minutes). Defendant was sentenced to 199 months, a downward departure from the low end of the range of about 16%. He was also sentenced to three years of supervised release. He took no direct appeal, nor did he file a motion under 28 U.S.C. § 2255.

On February 3, 2009, Defendant filed a counseled motion for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 706 to the sentencing guidelines. Amendment 706 generally reduced the base offense level for crack cocaine offenses by two levels. Application of Amendment 706 reduced Defendant's base offense level from 34 to 32. With the adjustment for the involvement of the firearm and the adjustment for acceptance of responsibility, the total offense level was reduced to 31. With a criminal history category of VI, Defendant had a guideline range of 188 to 235 months. On March 30, 2009, Defendant's sentence was reduced to 156 months, a comparable reduction to the one granted from the low end of the original sentencing range. (Doc. 41).

On November 7, 2011, Defendant filed a pro se motion seeking a reduction in his sentence under Amendment 750 to the sentencing guidelines. On the same day, counsel was appointed to represent Defendant on the motion, pursuant to this court's standing order. On November 14, 2011, we denied the November 7 motion without prejudice to the filing of a counseled motion seeking a reduction under Amendment 750. On June 13, 2012, we granted counsel's motion to withdraw because Defendant wanted to represent himself in seeking a sentence reduction.

Defendant then filed the three motions currently pending.

III.  *Discussion*

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of a retroactive amendment by a motion to modify his sentence. Any sentence reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S.S.G. § 1B1.10 (Policy Statement)(effective Nov. 1, 2011) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below." *Id.*, § 1B1.10(a)(1). However,

"[a] reduction . . . is not consistent with [the] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *Id.*, § 1B1.10(a)(2)(B).

In determining the effect of the amendment on the defendant's sentence, and essentially to determine whether it lowers his applicable guideline range, the court:

> shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

*Id.,* § 1B1.10(b)(1).

Amendment 750 is listed in subsection (c).[3] Hence it can be used to seek a sentence reduction. However, we cannot grant the section 3582(c)(2) motion because the amendment does not lower Defendant's applicable guideline range. As relevant to Defendant's drug quantity here, Amendment 748 amended section 2D1.1(c) in subdivision (4) by increasing the quantities of crack cocaine that result in a base offense level of 32. The quantities were formerly in a range from 150 to 500 grams, but

---

[3] Amendment 750, effective November 1, 2011, made permanent the temporary reductions in the offense levels for crack cocaine set forth in Amendment 748. Amendment 759, also effective November 1, 2011, made Amendment 750 retroactive for the purposes of section 3582(c)(2) sentence reductions. *United States v. McKeithan*, ___ F. App'x ___, ___, 2013 WL 1749444, at *2 (3d Cir. 2013)(nonprecedential).

Amendment 748 changed that to a range of 280 to 840 grams. Guidelines Manual, Appendix C - Vol. III, p. 376. Since Defendant's quantity was 321.2 grams, his base offense level remains at 32, the level he was given under Amendment 706, and the calculation of his applicable guideline range is unaffected by Amendment 750.

Defendants' motion also argues that his sentence should be reduced because: (1) the prosecutor falsely told him at his original sentencing that there would be no mention of a firearm if he pled guilty; and (2) counsel at the original sentencing was ineffective in not objecting to the two-point increase for the involvement of the firearm because the gun was not part of the drug offense. (Doc. 48, pp. 4-5). We cannot consider these claims in a section 3582(c)(2) motion because the motion is limited solely to considering the effect of a retroactive amendment on the applicable guideline range. *Dillon v. United States*, ___ U.S. ___, ___, 130 S.Ct. 2683, 2693-94, 177 L.Ed.2d 271 (2010)(defendant could not use section 3582(c)(2) to correct alleged mistakes in his original sentence); *see also United States v. Petersen*, 408 F. App'x 642, 643-44 (3d Cir. 2010)(nonprecedential).

We note that Defendant's motion also invokes the All Writs Act, 28 U.S.C. § 1651(a), and argues he can proceed by way of coram nobis to litigate these two claims when he "is still in custody, 2255 relief is unavailable and manifest injustice would otherwise attach." (Doc. 48, p. 10).

We disagree. These two grounds for relief are a challenge to Defendant's original sentence and so had to brought by way of a 28 U.S.C. § 2255 motion. *See*

*United States v. Pinet*, 361 F. App'x 382, 383 (3d Cir. 2010)(nonprecedential)(defendant could not use section 3582(c)(2) to challenge errors in the original sentencing but had to proceed by way of section 2255). Defendant does not say why section 2255 is unavailable, and there appears to be no reason why he could not have filed one earlier. Additionally, since he has never filed a 2255 motion, it appears that we would at least have jurisdiction to entertain a 2255 motion now.[4] We will deny the motion as it is based on coram nobis but will give Defendant the opportunity to decide whether he wants to have these two claims considered under section 2255.

In his third motion, Defendant supplements his section 3582(c)(2) motion by arguing that under *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012), he is entitled to a reduction in his sentence to the statutory minimum of 120 months (ten years) set forth in 21 U.S.C. § 841(b)(1)(a)(iii). *Dorsey* does not assist this effort. In *Dorsey*, the Supreme Court held that the Sentencing Reform Act of 2010 applies to defendants who are sentenced after the act's effective date, August 3, 2010, even if they committed their offenses before the effective date. *Id.* at ___, 132 S.Ct. at 2326. Defendant committed his offense and was also sentenced before the act's effective date, so *Dorsey* does not apply to him. *United States v. Turlington*, 696 F.3d 425, 428 (3d Cir. 2012). In any event, the statutory minimum did not apply in Defendant's case as the guidelines called for a higher sentence.

---

[4] The motion may be time-barred. See 28 U.S.C. § 2255(f).

Finally, we deal with Defendant's motion for summary judgment under Fed. R. Civ. P. 56(a). In this motion, Defendant argues the section 3582(c)(2) motion should be granted because the government did not oppose it. We will deny the summary-judgment motion for two reasons. First, a section 3583(c)(2) motion is criminal in nature, *Pinet*, *supra*, 361 F. App'x at 383 n.1, and Defendant cannot invoke a rule of civil procedure in a criminal proceeding. *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003)(collecting cases). Second, if treated as a postconviction motion challenging the original sentencing, the motion is not granted by default. *United States v. Greenslade*, No. 04-CR-405, 2009 WL 1507290, at *2 (M.D. Pa. May 28, 2009) (Caldwell, J.); *United States v. Dill*, 555 F. Supp. 2d 514, 520-21 (E.D. Pa. 2008); *See also Lemons v. O'Sullivan*, 54 F.3d 357, 364-65 (7th Cir. 1995)(in the context of a writ of habeas corpus pursuant to 28 U.S.C. § 2254).

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 30, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
  vs. :
: CRIMINAL NO. 1:CR-05-101
GARY EUGENE MOORE, :
    Defendant :
:
:
:

*O R D E R*

AND NOW, this 30th day of April, 2013, it is ordered that:

  1. Defendant's motion (Doc. 48) under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence under Amendment 750 to the sentencing guidelines is denied.

  2. To the extent that the section 3582(c)(2) motion (Doc. 48) invokes coram nobis, the motion is denied, but Defendant is granted fourteen (14) days from the date of this order to file a notice with the court if he wishes to present the two claims challenging his original sentence under 28 U.S.C. § 2255. If he fails to do so, these proceedings will be closed.

  3. Defendant's motion (Doc. 49) for summary judgment under Fed. R. Civ. P. 56(a) on his section 3582(c)(2) motion is denied

  4. Defendant's motion (Doc. 50) supplementing his section 3582(c)(2) motion is denied.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge